UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| HERBERT KAUFMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:25-cv-01175-JMS-KMB |
| | ) | |
| HAMILTON COUNTY SHERIFF'S OFFICE, HAMILTON COUNTY JAIL COMMANDER, HAMILTON COUNTY JAIL ASSISTANT COMMANDER, HAMILTON COUNTY JAIL FOOD SERVICE DIRECTOR, COMPREHENSIVE CORRECTIONAL CARE OFFICE, NURSE A., NURSE M., and DR. A., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

**Order Screening Complaint, Discussing Motion for Assistance With Recruiting Counsel, and Directing Further Proceedings**

Plaintiff Herbert Kaufman is a prisoner currently incarcerated at the Hamilton County Jail ("HCJ"). He filed this lawsuit *pro se*, alleging that Defendants violated his constitutional rights in various ways related to the conditions of confinement at HCJ and the lack of access to various services and programs. [Filing No. 1.] Because Mr. Kaufman is incarcerated, this Court must screen his complaint before service on the Defendants. 28 U.S.C. § 1915A(a), (c). Mr. Kaufman has also filed a Motion for Assistance With Recruiting Counsel, which is discussed below. [Filing No. 11.]

**I.
SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal

1

Rule of Civil Procedure 12(b)(6). *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020). Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court construes pro se complaints liberally and holds them to a "less stringent standard than formal pleadings drafted by lawyers." *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II.
### THE COMPLAINT

Mr. Kaufman's factual allegations are accepted as true at the pleading stage, *see Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023), and are summarized below.

A combination of conditions have caused a serious risk to Mr. Kaufman's health since March 2025 when he arrived at HCJ, including the following:

- The food service area has had a center floor drain plugged with "toxic stinking thick fluid, septic backup, having insects and pest[s] flying in and out of it, onto the food, [and] tiny red buys that bite and leave painful infected injury." HCJ is aware of the issue through a grievance and fixed the same drain unit wearing "white body suits, face all protected," but inmates "still are eating and breathing and consuming food";

- Insecticides and pesticides have been applied in the living area at HCJ and food has been served shortly thereafter, so inmates are "[i]ngesting insecticide" because HCJ is "not allowing [an] adequate application period in [the] Food Service area before  meal service in the depraved, deplorable, stinking conditions of confinement";

- Mr. Kaufman has had ongoing breathing problems and health issues, including waking up with blood in the back of his throat. It is due to "air quality," according to Nurse M., and is partially from the vents in the cells, which are

2

- "almost plugged with dust, dander, dead bugs, insecticide, [and] toxic sewer waste in the air ducts";

- The bedding area is essentially used as a food service area because inmates are served a packaged breakfast at 4:00 a.m. It is "replete with the same bug infestation, not being poisoned with the insecticide, as we[']re locked in the cell houses as the poison is applied breathing the fumes through the air movement system as a form of torture and cruel and unusual punishment." The shower area is also not properly cleaned;

- All chemicals, mops, and supplies are locked up from 11:30 a.m. to 7:00 p.m., so food spilled during that time hardens, grows bacteria, and "contribut[es] to the depraved conditions";

- Upon arrival at HCJ, inmates are not provided with a pencil to access the health care system nor will HCJ provide one on request. It threatens punishment to inmates who barter for commissary items such as a pencil, but requires that they fill out a Health Care Request Form if they need health care. "Delays in access to health care if you have .10 cents is 5 to 12 days or barter pencil and face punishment. Or if indigent, a[n] 18 day wait to access care by policies in Jail handbook and provider. When you look at combination of conditions it's a failure to train, equip, protect and intervene"; and

- "Upon arrival [there is] a blanket policy denying access to the federally funded MOUD program[1] at [HCJ]. Violating ADA Act and Rehabilitation Act. See 1:25-cv-705-JRS-TAB Amendment dated June 3, 2025 explaining the related issues. Provider specifically denied access to MOUD based on off-site charging recommendation in case # 29006-2401-F6-726. Despite having an active Johnson County MOUD program, transfer on 3-26-25 facility denied access to

---

[1] Though Mr. Kaufman does not specify what the MOUD program is, the Court assumes it is the Medications for Opioid Use Disorder Program, through which inmates can receive medications that can assist them in overcoming opioid addiction. *See* https://www.bop.gov/resources (last visited Aug. 18, 2025).

3

> it again based on charging counts from off-site law enforcement. Engaging in civil conspiracy and health care fraud."

[Filing No. 1 at 2-5.]

Mr. Kaufman initiated this action on June 13, 2025 and identifies the following claims:

- "4th Amendment illegal seizure/search meds";

- "14th Amendment Due Process/Equal P[rotection] based on discriminating the 4 people in MOUD in [HCJ] when a detainee in 2024 based on Monell policy not allowing access to MOUD if charged off-site with 'alcohol or drugs'";

- "8th Amendment Cruel and Unusual Punishment Claims/Conditions of Confinement"

- "5th Amend[ment] Due Process/Self Inc Priv.";

- "6th Amend[ment] Coercion/Right to Counsel";

- "14/8th Right to [Receive] adequate Health Care";

- "Rehabilitation Act Title VII";

- "ADA Act Title II/504"; and

- "Monell claims based on '[a]ny detainee found in possession of, or testing positive for, illicit drugs, may be excluded from the program at the discretion of provider.'"… A civil conspiracy determined before arrival to Jail. Failure to train, equip, intervene, protect claims, theories liability."

[Filing No. 1 at 6.] Mr. Kaufman states that he sues all Defendants "individually and severally, in their individual and official capacity" and seeks $5.00 in "nominal damage," $10 million in compensatory damages, $15 million in punitive damages, and $10 million in connection with his Monell claim. [Filing No. 1 at 7.]

## III.
### DISCUSSION

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Mr. Kaufman has identified the theories that he wishes to use – the Fourth, Fifth, Sixth, Eighth,

4

and Fourteenth Amendments, the Rehabilitation Act, 29 U.S.C. § 794, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), and the Americans With Disabilities Act, 42 U.S.C. § 12181, *et seq.* ("ADA"). When a *pro se* litigant has expressly stated the legal theories that he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under different legal theories. *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Off. of Foreign Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)). The Court analyzes Mr. Kaufman's claims only under the theories he has identified.

    **A.**    **Claims Unrelated to Cleanliness Issues**

After a careful review of the Complaint, it appears that Mr. Kaufman has attempted to bring claims in a single lawsuit that are based on unrelated conduct. Specifically, he brings claims related to the cleanliness of various areas at HCJ (the drain in the food service area, insecticides and pesticides that contaminate food and get into the vents, and dirty bedding and shower areas), but also brings claims related to the lack of access to health care due to being denied pencils to fill out Health Care Request Forms and related to being denied access to the MOUD program. This is not permissible. The Seventh Circuit has explained that "[u]nrelated claims against different defendants belong in different suits." *Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017) (quoting *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007)); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) (stating "district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them") (citing *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012); *Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011); *George*, 507 F.3d at 607).

    The Seventh Circuit has explained:

> When screening prisoners' complaints under the [Prison Litigation Reform Act ("PLRA")], courts can and should sever an action into separate lawsuits or dismiss defendants who are improperly joined under Federal Rule of Civil Procedure 20(a)(2). A prisoner may join defendants in the same action only if the claims against each one aris[e] out of the same transaction, occurrence, or series of transactions or occurrences…. Out of concern about unwieldy litigation and attempts to circumvent the PLRA's fee requirements, we have urged district courts and defendants to beware of "scattershot" pleading strategies. We target for dismissal "omnibus" complaints—often brought by repeat players—that raise claims about unrelated conduct against unrelated defendants.

*Mitchell v. Kallas*, 895 F.3d 492, 502-03 (7th Cir. 2018) (quotations and citations omitted).

District courts have been instructed, "not [to] allow inmates to flout the rules for joining claims and defendants, *see* Fed. R. Civ. P. 18, 20, or to circumvent the [PLRA's] fee requirements by combining multiple lawsuits into a single complaint." *Godinez*, 860 F.3d at 436 (citing *Hinsley*, 635 F.3d at 952). They also have a responsibility "[w]hen screening prisoners' complaints under the PLRA, [to] sever an action into separate lawsuits" if the claims are unrelated. *Mitchell*, 895 F.3d at 502 (citing *Hinsley*, 635 F.3d at 952). Under Federal Rule of Civil Procedure 21, the Court has "discretion to sever any claim and proceed with it separately if doing so will increase judicial economy and avoid prejudice to the litigants," *Wand v. TextBehind*, 2025 WL 303796, at *2 (7th Cir. Jan. 27, 2025) (citation omitted), "so long as the two claims are 'discrete and separate,'" *Gaffney v. Riverboat Servs. of Ind. Inc.*, 451 F.3d 424, 442 (7th Cir. 2006) (quoting *Rice v. Sunrise Express, Inc.*, 209 F.3d 1008, 1016 (7th Cir. 2000)). "In other words, one claim must be capable of resolution despite the outcome of the other claim." *Gaffney*, 451 F.3d at 442 (citing *Rice*, 209 F.3d at 1016).

Because most of Mr. Kaufman's claims relate to cleanliness issues at HCJ (the drain in the food service area, insecticides and pesticides that contaminate food and get into the vents, and dirty bedding and shower areas), the Court focuses on those claims and finds that severing any claims based on a lack of access to health care and a lack of access to the MOUD program is appropriate.

6

Additionally, the Court finds that Mr. Kaufman's claims based on a lack of access to health care and a lack of access to the MOUD program are separate and not related to each other. Based on Mr. Kaufman's allegations, the claims he sets forth that do not relate to cleanliness issues include:

- All claims against the Comprehensive Correctional Care Office, Nurse A., Nurse M., and Dr. A.;

- Fourteenth Amendment "Due Process/ Equal P[rotection]" claim related to access to the MOUD program;

- Eighth and Fourteenth Amendment claims related to receiving adequate health care;

- Rehabilitation Act, Title VII, and ADA claims; and

- Monell claim based on the following policy: "Any detainee found in possession of, or testing positive for, illicit drugs, may be excluded from the program at the discretion of provider."

However, severing those claims into separate lawsuits means that Mr. Kaufman will be responsible for paying the filing fees for the two new lawsuits. "[B]ecause paying a second [and third] filing fee may impose a substantial financial burden on a prisoner,…the court should not sever claims without a plaintiff's consent or acquiescence." *Dorsey v. Varga*, 55 F.4th 1094, 1107 (7th Cir. 2022). Therefore, the Court takes those claims **UNDER ADVISEMENT** and **ORDERS** Mr. Kaufman to file a Report with the Court by **September 26, 2025** indicating whether he wishes for the Court to proceed with severing his claims related to a lack of access to health care and his claims related to a lack of access to the MOUD program into two separate lawsuits for which he will be responsible for paying the filing fee for each, or whether he wishes to dismiss those claims without prejudice and decline to have the Court open new cases including those allegations. The Court discusses Mr. Kaufman's claims related to cleanliness at HCJ below.

### B. Claims Against Hamilton County Sheriff's Office

The Hamilton County Sheriff's Office "cannot be held liable for damages under 42 U.S.C. § 1983 on a theory of respondeat superior for constitutional violations committed by [its] employees. [It] can however, be held liable for unconstitutional…policies or customs." *Simpson v. Brown Cnty.*, 860 F.3d 1001, 1005-06 (7th Cir. 2017) (citing *Monell v. Dep't of Social Servs.*, 436 U.S. 658, 690-91 (1978)). The only allegations Mr. Kaufman sets forth about policies relate to: (1) denying inmates a pencil and punishing them for bartering to obtain a pencil, which he alleges has the effect of denying them access to health care since they cannot complete a Health Care Request Form without a pencil; and (2) denying access to the MOUD program. [*See* Filing No. 1.] But the Court has determined that the claims those allegations support must be severed from this lawsuit because they are unrelated to the cleanliness claims, so no viable *Monell* claims remain against the Hamilton County Sheriff's Office. Any claims against the Hamilton County Sheriff's Office are **DISMISSED** and the Clerk is **DIRECTED** to **TERMINATE** the Hamilton County Sheriff's Office as a party.

### C. Official Capacity Claims Against Hamilton County Jail Commander, Hamilton County Jail Assistant Commander, and Hamilton County Jail Food Service Director

Mr. Kaufman seeks monetary damages against the Hamilton County Jail Commander, the Hamilton County Jail Assistant Commander, and the Hamilton County Jail Food Service Director in their official capacities. But an official capacity "is another way of pleading an action against an entity of which the officer is an agent." *Sow v. Fortville Police Dep't*, 636 F.3d 293, 300 (7th Cir. 2011). As Mr. Kaufman has not stated a claim against the Hamilton County Sheriff's Office, he also has not stated official capacity claims against the Jail Commander, Assistant Jail

8

Commander, or Food Service Director and any official capacity claims against them are **DISMISSED**.

      **D.**    **Individual Capacity Eighth Amendment Cruel and Unusual Punishment and Conditions of Confinement Claims Against Hamilton County Jail Commander, Hamilton County Jail Assistant Commander, and Hamilton County Jail Food Service Director**

It is not clear whether Mr. Kaufman was a pretrial detainee or a convicted prisoner when the events giving rise to this litigation occurred. In the context of a conditions of confinement claim, a pretrial detainee is entitled to be free from conditions that amount to "punishment," *Bell v. Wolfish*, 441 U.S. 520, 535 (1979), while a convicted prisoner is entitled to be free from conditions that constitute "cruel and unusual punishment," *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In both cases, however, the alleged conditions must be objectively serious enough to amount to a constitutional deprivation, and the defendant prison official must possess a sufficiently culpable state of mind. *See, e.g.*, *Sain v. Wood*, 512 F.3d 886, 893-94 (7th Cir. 2008). With respect to this second, subjective element, if the inmate was a pretrial detainee, he must "prove that the defendant 'possess[ed] a purposeful, a knowing, or possibly reckless state of mind' with respect to the defendant's actions (or inaction) toward the plaintiff." *Davis v. Wessel*, 792 F.3d 793, 801 (7th Cir. 2015) (quoting *Kingsley v. Hendrickson*, 576 U.S. 389, 396 (2015)). An adverse condition amounts to a constitutional deprivation when it results in the denial of a basic human need, *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 664 (7th Cir. 2012), such as "adequate food, clothing, shelter, and medical care," *Farmer*, 511 U.S. at 832.

Even if Mr. Kaufman's claims related to cleanliness issues at HCJ rise to the level of denying inmates a basic human need, Mr. Kaufman has not alleged that any of the individual Defendants knew about the unclean conditions and failed to take reasonable steps to address the issues. He alleges that the facility knew that the drain in the food service area was plugged because

9

maintenance became aware of it after a general request was submitted. [Filing No. 1 at 2.] But there are no allegations that Defendants knew about the clogged drain. Moreover, Mr. Kaufman does not set forth any allegations related to which individuals knew that insecticides and pesticides were contaminating food and getting into the vents, or that the bedding and shower areas were dirty. Accordingly, Mr. Kaufman's Eighth and Fourteenth Amendment claims against the HCJ Jail Commander, the HCJ Jail Assistant Commander, and the HCJ Jail Food Service Director in their individual capacities are **DISMISSED**.

### E.    Fourth Amendment "Illegal Seizure/Search Meds" Claim

Mr. Kaufman does not set forth any allegations related to an illegal search or seizure of medications or otherwise. His Fourth Amendment "Illegal Seizure/Search Meds" claim is **DISMISSED**.

### F.    Fifth Amendment Due Process/"Self Inc Priv." Claim

The Court assumes that Mr. Kaufman is referring to the Fifth Amendment's right not to incriminate oneself in connection with this claim. None of Mr. Kaufman's allegations relate to being compelled to incriminate himself and this claim is **DISMISSED**.

### G.    Sixth Amendment "Coercion/Right to Counsel" Claim

None of Mr. Kaufman's allegations relate to a denial of his right to counsel under the Sixth Amendment. This claim is **DISMISSED**.

In sum, the Court **DISMISSES** all of the claims Mr. Kaufman asserts related to cleanliness issues at HCJ. To the extent his other claims relate to access to health care access or access to the MOUD program, they are unrelated and not properly brought in this lawsuit.

## IV.
### OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the Complaint will not in this instance lead to the dismissal of the action at present. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). In the interest of justice, the Court will allow Mr. Kaufman to amend his Complaint if, after reviewing this Order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made and related only to the cleanliness issues at HCJ. *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014, 1022 (7th Cir. 2013).

Mr. Kaufman shall have through **September 26, 2025** to file an Amended Complaint. The Amended Complaint must: (a) contain a short and plain statement of the claim showing that Mr. Kaufman is entitled to relief, which is sufficient to provide Defendants with fair notice of the claim and its basis; (b) include a demand for the relief sought; (c) identify what injury he claims to have suffered; and (d) identify each individual responsible by name. In organizing his Amended Complaint, Mr. Kaufman may benefit from utilizing the Court's complaint form. The **CLERK** is **DIRECTED** to include a copy of the prisoner civil rights complaint form along with Mr. Kaufman's copy of this Order.

Any Amended Complaint shall have the proper case number, 1:25-cv-01175-JMS-KMB, and the words "Amended Complaint" on the first page. The Amended Complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore,

it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action but, as discussed above, Mr. Kaufman's claims in this lawsuit must only relate to cleanliness issues at HCJ. If Mr. Kaufman files an Amended Complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b). If no Amended Complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

## V.
### MOTION FOR ASSISTANCE WITH RECRUITING COUNSEL

Mr. Kaufman's Motion for Assistance With Recruiting Counsel, [Filing No. 11], is **DENIED AS PREMATURE**. He has not set forth any viable claims relating to uncleanliness issues at HCJ and Defendants have not been served. The Seventh Circuit has found that "until the defendants respond to the complaint, the plaintiff's need for assistance of counsel…cannot be gauged." *Kadamovas v. Stevens*, 706 F.3d 843, 845 (7th Cir. 2013). In addition, litigants requesting that counsel be recruited must first show that they made a reasonable attempt to secure private counsel. *Gil v. Reed*, 381 F.3d 649, 656 (7th Cir. 2004); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). The Court must deny "out of hand" a request for counsel made without a showing of such effort. *Farmer v. Haas*, 990 F.2d 319, 321 (7th Cir. 1993). Mr. Kaufman indicates that he has not contacted any attorneys asking for assistance. [*See* Filing No. 11.] Accordingly, he has not made reasonable efforts to recruit counsel to represent him. Mr. Kaufman may renew his motion once he has alleged viable claims and has made reasonable efforts to secure counsel.

## VI.
### CONCLUSION

Mr. Kaufman's claims related to cleanliness issues at HCJ, and other claims for which he provides no allegations in support as set forth above, are **DISMISSED WITHOUT PREJUDICE**. Additionally, all individual capacity claims against Nurse A., Nurse M. and Dr.

A. are **DISMISSED** and all claims against the Hamilton County Sheriff's Office are **DISMISSED** and the **CLERK** is **DIRECTED** to **TERMINATE** the Hamilton County Sheriff's Office as a party to this lawsuit. No partial final judgment shall issue.

Mr. Kaufman shall have through **September 26, 2025** to file an Amended Complaint related only to cleanliness issues at HCJ. In the Amended Complaint, he must identify what injury he claims to have suffered and identify each individual responsible by name. His claims related to a lack of access to health care and a lack of access to the MOUD program are **TAKEN UNDER ADVISEMENT** and Mr. Kaufman is **ORDERED** to file a Report with the Court by **September 26, 2025** indicating whether he wishes for the Court to proceed with severing those claims into two separate lawsuits, for which he will be responsible for paying the filing fee for each case, or whether he wishes to dismiss those claims without prejudice and decline to have the Court open new cases including those allegations. Mr. Kaufman's Motion for Assistance With Recruiting Counsel, [11], is **DENIED AS PREMATURE**. The **CLERK SHALL INCLUDE** a complaint form and a form motion for assistance with recruiting counsel with Mr. Kaufman's copy of this Order.

Date: 8/20/2025

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

**Distribution via United States Mail**:

Herbert Kaufman
Hamilton County Jail
18102 Cumberland Rd.
Noblesville, IN 46060